**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

GEORGE M. BRITTAIN,

        Plaintiff,

vs.                                          Case No. 2:07-cv-234-FtM-34SPC

DALE SCHULS, et al.,

        Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand to State Court (Dkt. No. 7; Motion), which was filed on April 30, 2007. Defendants Dale Schuls and Phillip VanLandschoot have filed a response in opposition to the Motion. See Memorandum of Defendants Dale Schuls and Phil[l]ip VanLands[c]hoot in opposition to Plaintiff's Motion to Remand (Dkt. No 13; Response), filed May 10, 2007.[1] Accordingly, the Motion is ripe for review.

This case was initially filed by Plaintiff in the Twentieth Judicial Circuit Court, in and for Lee County, Florida, on March 23, 2007, against Defendants Schuls, VanLandschoot, Robert Smith, Lance Armstrong, and Katrina Lynn Frey. See Notice of Removal (Dkt. No. 1; Notice of Removal) at 1; Complaint (Dkt. No. 2) at 1. Then, on April 16, 2007, Defendants Schuls and VanLandschoot removed the action to this Court based upon federal question jurisdiction. See Notice of Removal at 3. In the Notice of Removal, Defendants Schuls and

---

[1] The Motion and Response contain different spellings of Defendant Phillip VanLandschoot's name. In the instant Order, the Court will utilize the spelling given by Plaintiff as that is the same spelling that is used in the Complaint and Defendant VanLandschoot has not filed a notice with the Court indicating that his name is being spelled incorrectly.

VanLandschoot asserted that they would be providing written notice to Plaintiff, Defendant Smith, and the Circuit Court, as provided in 28 U.S.C. § 1446(d), promptly after they filed the Notice of Removal. See id. at 2.  They also maintained that a review of the docket from the Circuit Court revealed that Defendants Smith, Armstrong, and Frey had not yet been served by Plaintiff and that the current addresses of Defendants Armstrong and Frey were unknown at the time of the filing. See id. at 2, 3 n.1.

In the Motion, Plaintiff asks the Court to remand this action to state court based upon Defendants Schuls and VanLandschoot's failure to comply with the notice requirement of 28 U.S.C. § 1446(d). See Motion at 1.  Specifically, Plaintiff asserts that, although Defendants Schuls and VanLandschoot provided Defendant Smith and Plaintiff with written notice of the removal, they failed to provide such notice to Defendants Armstrong and Frey. See id. at 2-3.  Noting that § 1446(d) requires a removing defendant to give written notice to "all adverse parties", Plaintiff argues, relying on Thorpe v. Daugherty, 606 F.Supp. 226 (N.D. Ga. 1985), that Defendants Schuls and VanLandschoot should have given written notice to "all real parties in interest", including Defendants Armstrong and Frey. See Motion at 2-3. Moreover, Plaintiff contends that "it seems clear that [Defendants Schuls and VanLandschoot] knew that they must provide [Defendants Armstrong and Frey] written notice because they gave notice to the non-joining co-defendant, Deputy Sheriff Robert Smith." See id. at 3.

Defendants Schuls and VanLandschoot respond that Defendants Armstrong and Frey are not "adverse parties" under § 1446(d). See Response at 3.  Indeed, Defendants Schuls and VanLandschoot contend that Plaintiff was the only party who was adverse to them at the

time they filed the notice of removal. See id. Moreover, they note that Thorpe does not support the position asserted by Plaintiff as the district court in Thorpe ultimately determined that co-defendants who were cross-claimants were not adverse parties under § 1446(d). See id. at 2-3. Finally, Defendants Schuls and VanLandschoot maintain that they provided Defendant Smith with written notice of the removal as a professional courtesy and not out of any legal obligation. See id. at 3.[2]

A removing defendant must strictly comply with the statutory procedures for removal. See Jones v. Honeywell Int'l, Inc., 385 F.Supp.2d 1268, 1269 (M.D. Fla. 2005); Kirby v. OMI Corp., 655 F.Supp. 219, 220 (M.D. Fla. 1987). Section 1446 provides that "[p]romptly after the filing of [a] notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court . . ." 28 U.S.C. § 1446(d). While a removing defendant's failure to promptly give notice under § 1446(d) will not affect a district court's jurisdiction over a case, the failure constitutes a procedural defect. See Peterson v. BMI Refractories, 124 F.3d 1386, 1395 (11th Cir. 1997); Molina v. Rhodes, No. 8:06CV799 T27TGW, 2006 WL 3125318, at *2 (M.D. Fla. Oct. 31, 2006). The Eleventh Circuit Court of Appeals has noted that "a federal court might be justified in granting a timely motion to remand under 28 U.S.C. § 1447 on the grounds of such defect." Peterson, 124 F.3d at 1395; see also 28 U.S.C. § 1447(c).

---

[2] Defendant Shuls and VanLandschoot represent that they later gave Defendant Frey written notice of the removal to assist her counsel in identifying the proper court in which to file an answer. See Response at 3-4.

As an initial matter, the Court agrees with Defendants Schuls and VanLandschoot that the Northern District of Georgia's decision in Thorpe does not support the position asserted by Plaintiff. Indeed, while the district court suggested that a removing defendant should, as a matter of careful practice, provide written notice to all "real parties in interest," it, nevertheless, determined that "[t]he plain meaning of the statutory language [of § 1446(d)] would suggest that 'adverse party' in this context refers to the plaintiff . . ." Thorpe, 606 F. Supp. at 227. However, this Court need not determine whether co-defendants ever constitute adverse parties under § 1446(d) as it appears that Defendants Schuls and VanLandschoot complied with the notice requirement in this instance.

Defendants Schuls and VanLandschoot were the only defendants who had been served with process on the date of the removal.[3] See Notice of Removal at 2; Response at 2, Exh. A at 1. A review of the state court record reveals that Defendant Frey was not served with process until April 28, 2007, and Defendant Armstrong has yet to be served by Plaintiff. See Response at 2, Exh. A at 1. As Plaintiff has yet to effect service of process on Defendant Armstrong, the Court declines to find that this case should be remanded due to Defendants Schuls and VanLandschoot's failure to provide Defendant Armstrong with notice of the removal.

In regard to Defendant Frey, while Plaintiff contends that Defendants Schuls and VanLandschoot had access to Defendant Frey's current address because the summons

---

[3] As Defendants Smith, Armstrong, and Frey had not been served with process at the time the notice of removal was filed, Defendants Schuls and VanLandschoot did not need to obtain their consent prior to removal of the instant action. See Diebel v. S.B. Trucking Co., 262 F.Supp.2d 1319, 1328-29 (M.D. Fla. 2003); Kimbrough v. City of Cocoa, No. 605CV471ORL31KRS, 2005 WL 1126651, at *1 (M.D. Fla. May 5, 2005); White v. Bombardier Corp., 313 F.Supp.2d 1295, 1299-1300 (N.D. Fla. 2004); but see Jasper v. Wal-Mart Stores, Inc., 732 F.Supp. 104, 105 (M.D. Fla. 1990).

issued to Defendant Frey contains her addresses and is on file with the Lee County Clerk, see Motion at 2, Defendants Schuls and VanLandschoot represent that the summons did not become part of the state court record until the return of service was filed on May 2, 2007, see Response at 4 n.2.  Moreover, promptly after the return of service was filed in state court, Defendants Schuls and VanLandschoot provided written notice of the removal to Defendant Frey.  See Response at 3-4; Exh. B.  In light of the foregoing, the Court declines to remand this action to the state court.  Thus, the Court finds that the Motion is due to be **denied**.

Accordingly, it is **ORDERED**:

Plaintiff's Motion to Remand to State Court (Dkt. No. 7) is **DENIED**.

**DONE AND ORDERED** in Chambers on July 25, 2007.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc3

Copies to:

Counsel of Record